-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDDY PICA,

          Plaintiff,

          -v-

ANGIE GOG, Nurse; BEN OAKES,
Physician's Assistant;
WESLEY CANFIELD, Doctor,
"et al.",

          Defendants.

DECISION AND ORDER
12-CV-0927Sc



## INTRODUCTION

Plaintiff, Freddy Pica, an inmate at the Southport Correctional Facility, has filed this pro se action under 42 U.S.C. § 1983 (Docket No. 1) and has filed a motion to proceed in forma pauperis and a Prison Authorization (Docket Nos. 2 and 4). Plaintiff alleges that he has experienced significant back pain and problems since 2002, and that he has been diagnosed with, among other things, a disc bulge at L5-S1, encroachment of the nerve root and "discongenic disease, spondylosis and diffuse posterior disc bulge from L1-L2 through L5-S1." (Complaint, ¶¶ 12, 17-18, 21, 24-25.) He had been prescribed physical therapy, without relief, and more recently was prescribed Lyrica and Tranadol. (Id., ¶¶ 19, 26.) Plaintiff alleges that between March 1-6, 2012, defendant Angie "Gog,"[1] a Nurse, crushed plaintiff's Lyrica for administration, which plaintiff claims was "cruelly" done and rendered the medication ineffective, in retaliation for complaints and grievances plaintiff had filed against

---

[1] Based on other cases in this Court, this defendant's name appears to be" Angela Gorg," e.g., Jones v. Tompkins, 12-CV-0057A(Sc); Canales v. Southport Correctional Facility, 12-CV-0693Sc; Smolen v. Dildine, 11-CV-6434CJS, and the Clerk of the Court is directed to amend the caption of the Docket Report accordingly.

Gorg and defendant Benjamin Oakes, a Physician's Assistant, in relation to the medical care received at Southport. Plaintiff also alleges that sometime earlier in August 2011, Gorg had filed an "illict" misbehavior report against plaintiff related to plaintiff having an extra battery for his "Tens Unit."[2] (*(Id.*, ¶ 27-29, 33; Exh. Grievance Report of IGRC, No. SPT-53239-12, Date of Hrg.: 3/9/12/.)[3]

Plaintiff then saw defendant Dr. Wesley Canfield, and alleges that Canfield and Oakes "reached an incongruent dissent comprising an increase in plaintiff's pain medication, and that they delayed in providing plaintiff his prescribed 50 grams of Lyrica, three times per day, which caused intolerable pain." (*Id.*, ¶ ¶ 30-33.) Plaintiff also alleges that he complained to Canfield about knee pain in relation to the back pain and that radiology reports showed that plaintiff's "Medial Femorotibial and PatelloFemoral Joints are clearly degenerated." (Complaint, ¶ ¶ 34-35.)

Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.[4] *See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d

---

[2] A TENS Unit is a medical device used to stimulate the nerves for therapeutic purposes. Robinson, Andrew J; Lynn Snyder-Mackler (2007-09-01), Clinical Electrophysiology: Electrotherapy and Electrophysiologic Testing (Third ed.), Lippincott Williams & Wilkins.

[3] Plaintiff's complaint is not entirely clear as to the true nature of his claims but he has attached to the complaint a number of documents, including grievances and grievance disposition reports regarding the claims pled herein, some of which render the complaint somewhat clearer. *See Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998) ("the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"); *see also Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

[4] Despite the disjointed nature of the complaint and the apparent inconsistencies between some of the facts pled in the complaint and those set forth in the exhibits attached to the complaint, including various grievances and grievance responses, the Court cannot address those inconsistencies at this stage in the litigation and must assume as true the facts as pled in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted))

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.[5]

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

---

[5]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

SO ORDERED.

DATED: 5/1, 2013
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge