UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Freddy Pica

                              Plaintiff,

                                                                      **Hon. Hugh B. Scott**

                                                                      12CV927

                              v.

                                                                      **Order and
                                                                      Report &
                                                                      Recommendation**

Angie Goo, et al.

                              Defendants.


        Before the Court is the defendants' motion (Docket No. 13) to vacate the entry of default

(Docket No. 12).

        The plaintiff, Freddy Pica ("Pica"), who is incarcerated at the Southport Correctional

Facility, commenced this action pursuant to 42 U.S.C. §1983. Pica asserts that he suffers from

back impairments which cause him pain. He asserts that he was prescribed Lyrica for his back

pain, but that over a period of 5 or 6 days, defendant Angie Goo crushed his Lyrica. (Docket No.

1 at ¶ 27). He also asserts that defendants Ben Oakes, P.A. and Dr. Wesley Canfield

unreasonably delayed his prescription for Lyrica and otherwise failed to properly treat his back

impairment. (Docket No. 1 at ¶¶ 20-40).

        The record reflects that service was made upon Oakes and Canfield on June 21, 2013.

(Docket Nos. 8 and 9, respectively).  These defendants failed to file an answer or otherwise move

against the complaint as required before August 21, 2013. The plaintiff filed a request for a

Clerk's entry of default on January 14, 2014 (Docket No. 10) which was granted (Docket No.

12).  The defendants filed an answer to the complaint on January 15, 2014. (Docket No. 11) and

subsequently filed the instant motion to vacate the default. (Docket No. 13).

### Default Judgement

Counsel for defendants, David J. Sleight ("Sleight") acknowledges that the defendants'

answer to the complaint in this matter was untimely filed, but states that the delay in answering

was not the fault of the defendants.  Counsel represents that he was preparing for trial before

another Court at the time he received notice of service upon the defendants but failed to note the

service on his calendar (Docket No. 14 at ¶6).  As noted above, the record reflects that the

defendants filed an answer to the complaint the day after the plaintiff requested the entry of

default. (Docket No. 11).  The plaintiff has filed opposition to the motion to vacate the default

(Docket Nos. 17 and 18).  In essence, the defendant argues only that the motion to vacate the

default should not be granted because the defendants' answer was untimely filed.  The plaintiff

asserts, in a conclusory manner and without citation to any factual basis, that the defendants'

failure to timely answer the complaint was willful. (Docket No. 17 at page 3).

There is a strong preference that disputes be determined on the merits, and any doubts

regarding vacatur of a default should be resolved in favor of a trial on the merits. Shah v. New

York State Department of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999); American Alliance

Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996) ("Strong public policy

favors resolving disputes on the merits"); Cody v. Mello, *59* F.3d 13, 15 (2d Cir. 1995) (default

"is a harsh remedy to be utilized only in extreme situations"); Enron Oil Corp. v. Diakuhara, 10

F.3d 90, 95 (2d Cir. 1993). *See also* Springs v. Clement, 202 F.R.D. 387 (E.D.N.Y. 2001),

reviewing cases.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "for good cause shown the court may set aside an entry of default" and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "The Second Circuit has held that "good cause" depends upon such factors as the willfulness of the default, the prejudice the adversary would incur were the default set aside, and the merits of the defense proffered." State Bank of India v. Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996), *citing* Men's Sportswear, Inc. v. Sasson Jeans. Inc., 834 F.2d 1134, 1138 (2d Cir. 1987).

The Second Circuit has made it clear that neglect is not willfulness. American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d at 61 ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context"). In the instant case, the record does not support a finding that the defendants' counsel's conduct in filing the answers in this case late was willful or in bad faith. The record does not reflect that the plaintiff has been prejudiced due to the late filing. In this case, the four month delay did not preclude the plaintiffs from any form of relief requested or otherwise prejudice the plaintiff in prosecuting his claims. "[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); Kee v. Hasty, 2004 WL 807071, *4 (S.D.N.Y.,2004); Springs v. Clement, 202 F.R.D. at 394 ("[d]elay alone is insufficient to establish prejudice", *citing* Enron Oil Corp. v. Diakuhara, 10 F.3d at 98). As in Cody v. Mello, 59 F.3d. 13, 15 (2d. Cir. 1995), the defendant has moved promptly to seek vacatur. See also Campbell v. Shenendehowa Cent. Sch.

Dist., 1993 WL 133726, at *2 (N.D.N.Y. 1993) (noting, in denying default motion where

defendants had answered complaint belatedly, that courts disfavor defaults) (citing Meehan v.

Snow, 652 F.2d 274, 277 (2d Cir.1981)). The preference is for courts to "reach judgments on the

merits and not by way of default judgments." Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d

610, 615 (2d Cir.1999) (citations omitted). The Court finds that the defendant has articulated

defenses to the claims in this case, which, if proved, would be meritorious.

Based on the above, it is recommended that the motion to vacate the default judgement be

granted.


**Valentin Order**

Upon filing the complaint, plaintiff was granted permission to proceed *in forma pauperis*

and the Court (Hon. John T. Curtin), pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3),

directed the Clerk of the Court to serve the defendants –Ben Oakes, Physician's Assistant;

Wesley Canfield, Doctor; and Angie "Goo"; Nurse.[1] (Docket No. Docket No. 6.) As noted

above, Acknowledgments of Receipt of Service by Mail, *see* N.Y.C.P.L.R., § 312-a(b), were

signed and returned on behalf of Oakes and Canfield (Docket Nos. 8, 9), no Acknowledgment or

other proof of service has been returned on behalf of Goo or Gorg.[2]

---

[1]   The Court is aware from other cases that a nurse named Angela Gorg is employed at the Southport Correctional Facility. It appears likely that the plaintiff is referring to Nurse Gorg when referencing "Nurse Goo" in this complaint.

[2]   N.Y.C.P.L.R. § 312-a(b), which is the method of service the United States Marshals Service utilizes in this District, provides that service is not "complete" until the defendant returns the signed acknowledgment of receipt of service by mail to the Marshals Service.

Accordingly, it is ORDERED that the New York Attorney General's Office[3], pursuant to

Valentin v. Dinkins, 121 F.3d 72 (1997), use its best efforts to ascertain an address at which

Angie Goo or Gorg can be served with the summons and complaint and provide such address to

the Court's Pro Se Office within 30 days of entry of this Order.


**Conclusion**

The motion to vacate the Clerk's entry of default should be granted consistent with the

above.  Counsel for the defendants shall attempt to identify an address for service upon defendant

Goo or Gorg.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk**

**of this Court within fourteen(14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the**

**Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO**

**FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER**

**BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

---

[3]  The New York State Attorney General has appeared on behalf of Oakes and Canfield in this action and generally appears in all other actions where employees of the New York State Department of Corrections and Community Supervision are defendants.

**HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 17, 2014

6