UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDDY PICA,

         Plaintiff,

                **Hon. Hugh B. Scott**

                **12CV927S**

    v.

                **Report**
                **&**
                **Recommendation**

ANGIE GORG[1], BEN OAKES,
WESLEY CANFIELD,

         Defendants.

---

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 20) (dispositive jurisdiction). The instant matter before the Court is a motion of defendant Angie Gorg (Docket No. 67)[2] for summary judgment dismissing this case. The motion included notice to plaintiff opposing summary judgment (id., Notice of Motion at 1). Responses initially were due by December 28, 2017 (Docket No. 70), but plaintiff (proceeding pro se from state prison) did not respond (Docket No. 73). With plaintiff apparently relocated to a different facility during the pendency of this motion, this Court revised the briefing schedule

---

  [1]Court Clerk is requested to amend the caption in this action to correct the name of defendant Angie Gorg from "Angie Goo" or "Gog".

  [2]In support of this motion, defendant Gorg submits her Statement of Material Facts with exhibits (portions of plaintiff's medical and prison records, and pertinent Department of Corrections and Community Supervision directives), Docket No. 68; and her Memorandum of Law, Docket No. 69.

and sent it to the new facility; that Order had responses due by February 23, 2018, and replies by March 2, 2018, with a warning to plaintiff upon his failure to respond (id.), see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001) (per curiam).  Plaintiff still has not responded.

## BACKGROUND

This is a civil rights action (Docket No. 1, Compl.) commenced by an inmate proceeding pro se who was granted leave to proceed in forma pauperis (Docket No. 6).  Plaintiff alleges that, while incarcerated at Southport Correctional Facility (hereinafter "Southport"), he suffers from significant back pain and problems since 2002, diagnosed with a disc bulge at L5-S1, encroachment of the nerve root, and "discongenic disease, spondylosis and diffuse posterior disc bulge from L1-L2 through L5-S1" (id., Order at 1; see Docket No. 1, Complaint ¶¶ 12, 17-18, 21, 24-25).  He had been prescribed physical therapy, later Lyrica and Tramadol (Docket No. 6, Order at 1 (called "Tranadol"); see Docket No. 1, Compl. ¶¶ 19, 26).

He alleges that, between Mar. 1-6, 2012, defendant nurse Angie Gorg crushed the Lyrica for administration, which plaintiff claims was "cruelly" done and rendered the medication ineffective, that Gorg did that in retaliation for plaintiff's complaints and grievances lodged against Gorg and former defendant Benjamin Oakes (a physician's assistant) (Docket No. 6, Order at 1-2; Docket No. 1, Compl. ¶¶ 27-29).  Former defendant Dr. Wesley Canfield then saw plaintiff and plaintiff alleges that Dr. Canfield and Oakes "reached an incongruent dissent comprising an increase in plaintiff's pain medication," and that they delayed providing plaintiff his prescribed 50 grams of Lyrica, three times per day, which (combined with not having him see a pain management specialist) failed to decrease plaintiff's intolerable pain for six months (Docket No. 6, Order at 2; Docket No. 1, Compl. ¶¶ 30-33).  Plaintiff also alleges that he

complained to Dr. Canfield about his knee pain in relation to his back pain and that radiology reports showed that plaintiff's "Medial Femorotibial and PatelloFemoral joints are clearly degenerated" (Docket No. 6, Order at 2; Docket No. 1, Compl. ¶¶ 34-35). Plaintiff seeks to permanently enjoin defendants, their agents, and those acting in concert or in cooperation with them from further violating his rights; a declaratory judgment; compensatory damages of $75,000; punitive damages of the same amount; and recovery of costs associated with this case (Docket No. 1, Compl. at Section VI, "Relief Requested").

Defendants Oakes and Dr. Canfield answered (Docket No. 11). Plaintiff had meanwhile requested the Court Clerk enter default (Docket No. 10), with entry of default done on January 16, 2014; defendants moved to vacate that entry (Docket No. 13) which was granted (Docket No. 24; see Docket No. 21 (Report & Recommendation)). These defendants later moved for summary judgment (Docket No. 35), which was granted (Docket No. 51, Order; see Docket No. 50, Report & Recommendation of June 27, 2016). Familiarity with that previous motion and its disposition is presumed.

Defendant Gorg initially was not served and this Court ordered defense counsel to tell this Court of an address for service of Ms. Gorg (Docket No. 21, Report & Recommendation of June 17, 2014, at 4-5). After receiving that information from defense counsel, the United States Marshal was directed to serve the Summons and Complaint upon Ms. Gorg (Docket No. 22). That Summons initially was returned as unexecuted (Docket No. 23) but later was returned as executed on September 4, 2014 (Docket No. 25). Gorg was granted an extension of time to appear and file her answer or motion (Docket No. 26). Later, the summons served upon Gorg was returned executed on February 9, 2015, noting that she was served on August 11, 2014

3

(Docket No. 28). During the pendency of this case, Gorg retired from the New York State Department of Corrections and Community Supervision ("DOCCS"). After granting further extensions of time for her to answer (Docket No. 54), and resolution of representation issue for Gorg after her retirement (see Docket Nos. 57, 58), on February 3, 2017, Gorg answered (Docket No. 61).

Following the lead of former codefendants Oakes and Canfield (see Docket No. 35), defendant Gorg now moves for summary judgment and dismissal of this case (Docket No. 67). She argues that she lacked personal involvement in the alleged constitutional violations (Docket No. 69, Defs. Memo. at 4-5). The two actions that Gorg was alleged to have done (crushing the Lyrica and confiscation of the TENS Unit from plaintiff) were done on order of medical professionals with authority to prescribe medical treatment for plaintiff (id. at 4). Next, Gorg contends that plaintiff cannot sustain his medical deliberate indifference claim against her since she treated plaintiff according to the standard of care (id. at 5-9).

Plaintiff has not responded to this motion, despite an Irby notice of the consequences of no answer.

## DISCUSSION

I.   Applicable Standards

As previously discussed in the earlier Report & Recommendation (Docket No. 50, at 8-11), the standards for summary judgment and Eighth Amendment deliberate indifference claims are as follows. Also noted is the effect of plaintiff not responding to this motion.

A.   Motion for Summary Judgment

4

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

As with pleadings, the filings of a pro se plaintiff in response to a summary judgment motion are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

B.  Eighth Amendment Standards—Deliberate Indifference

Plaintiff's claims are under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to state a claim for inadequate medical treatment under the Eighth Amendment, the plaintiff must allege that defendants acted with "deliberate indifference to [a] serious medical need," LaGrange v. Ryan, 142 F. Supp. 2d 287, 293 (N.D.N.Y. 2001); see Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Gregg v. Georgia, 428 U.S. 153, 173 (1976) (the Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain.") (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Estelle, supra, 429 U.S. at 104), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). This claim has two elements,

an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, supra, 501 U.S. at 302. Mere negligent treatment or malpractice upon a plaintiff, however, does not create an Eighth Amendment violation, see Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

II.     Application

Plaintiff has not responded to this motion (in particular failing to submit a counterstatement of facts to defendant's statement). Thus, under this Court's Local Civil Rule 56, this Court deems admitted the facts in defendant's Statement (Docket No. 68).

Defendant produced plaintiff's medical record during the relevant period while he was in DOCCS's custody, especially during his time at Southport (Docket No. 68, Def. Statement, Exs. B-E; see also Docket No. 37, Dr. Canfield Decl., Ex.). Review of that record shows that plaintiff received care for his back and knee pain while at Southport. Plaintiff consistently sought stronger medication for that pain. But plaintiff had also discontinued taking certain medication or took less than the prescribed amounts of other medicines, causing defendants ultimately to curtail that treatment. This is not cruel and unusual punishment under the Eighth Amendment.

7

Pertinent to Gorg, the treatment decisions plaintiff now finds objectionable were made by other parties and not by Gorg.

At worse, plaintiff alleges negligence or malpractice in the manner of his treatment. But plaintiff was treated. His complaints consist of medication either not being effective or being harmful enough to him that he sought alternative medication. Plaintiff's claims are his disagreement with the prescribed treatment regime by defendants (including by Gorg); these do not reach the level of a constitutional violation, Polanco v. Dworzack, 25 F. Supp. 2d 148, 151 (W.D.N.Y. 1998) (Siragusa, J.). As noted by Judge Siragusa, "it is well settled that a prisoner does not have the right to the treatment of his choice," id. (citing Ross v. Kelly, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992) (Larimer, J.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992)). "Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates," Ross, supra, 784 F. Supp. at 44. He has not proven the objective prong of the deliberate indifference standard under the Eighth Amendment.

For example, plaintiff alleges that crushing Lyrica rendered it ineffective, but again by not responding plaintiff presents no expert testimony to support this allegation or to counter Gorg's contention that it had no effect on that medication. Furthermore, Gorg (and the other defendants) has a penological rationale for crushing that medication, to avoid inmates (such as plaintiff) hiding or cheeking pills, see, e.g., Jacoby v. Phelix, No. 9:07cv872, 2010 U.S. Dist. LEXIS 44222, at *2 (N.D.N.Y. Mar. 31, 2010) (Baxter, Mag. J.) (inmate issued misbehavior report for cheeking pills); Encarnacion v. Silverberg, No. 9:13cv1000, 2015 U.S. Dist. LEXIS 128312, at *6 & n.7 (N.D.N.Y. July 7, 2015) (inmate plaintiff caught cheeking pills and prescribed medication was discontinued, with cheeking defined as "when an inmate attempts to

8

hide medication in his cheek, or under his tongue, in order to sell or barter medications, or sometimes to accumulate a large quantity of medication in order to get high. This is an important [sic] consideration when physicians prescribe medications in the prison context," citing witness declaration); Vail v. Lashway, No. 9:12-cv-1245, 2014 U.S. Dist. LEXIS 129516, at *11 (N.D.N.Y. July 16, 2014) (same); Guarneri v. Wood, No. 08cv792, at *10 (N.D.N.Y. Sept. 2, 2011) (inmate cheeked medication, refused to take it, and attempted to flush pills).

Also, plaintiff has not shown that defendant had the sufficiently malicious state of mind to intentionally deprive him of needed medication to meet the subjective element for a deliberate indifference claim.

Plaintiff also seeks injunctive relief against Gorg, but plaintiff is no longer at Southport to be treated there and Gorg has retired from DOCCS. Thus, this form of relief should be **denied** even if plaintiff's claims somehow survive.

Thus, defendant Gorg's motion for summary judgment (Docket No. 67) should be **granted** dismissing this case.

III.    Results

Assuming adoption of this Report & Recommendation, the last remaining defendant would be dismissed from this action and the case would end.

## CONCLUSION

Based upon the above, it is recommended that defendant Gorg's motion for summary judgment (Docket No. 67) be **granted** and this action should be dismissed.

A copy of this Report will be mailed to plaintiff at **Great Meadow Correctional Facility** by Chambers of the undersigned.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                        */s/ Hugh B. Scott*
                                        Hon. Hugh B. Scott
                                        United States Magistrate Judge

Dated: Buffalo, New York
            March 15, 2018